# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ESTER LELCHOOK, *et al.*,

                    Plaintiffs,

-against-

LEBANESE CANADIAN BANK SAL, *et al.*,

                    Defendants.

Case No. 18-cv-12401 (GBD) (KHP)

## LCB'S ANSWER TO THE AMENDED COMPLAINT

July 11, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Counsel for Defendants Lebanese Canadian Bank SAL and Mohamad Hamdoun*

Defendant Lebanese Canadian Bank, SAL ("LCB") answers the allegations in the numbered paragraphs of Plaintiffs' Amended Complaint (ECF No. 66) as follows:[1]

1.      The allegations in this paragraph state legal conclusions and Plaintiffs' characterization of their claims, to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Plaintiffs have invoked the Anti-terrorism Act ("ATA"), 18 U.S.C. § 2333, in bringing this civil action for damages.

2.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

3.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph that assert that one individual was "murdered" and "the other [P]laintiffs were harmed" by rocket attacks, and therefore denies these allegations.  As for the remaining allegations in this paragraph, LCB denies these allegations, except to admit that LCB and Mohamad Hamdoun ("Hamdoun," and collectively with LCB, "Defendants") are named as defendants in this action and that Hamdoun has an ownership stake in LCB and held a senior-management role in LCB before LCB entered liquidation proceedings.

4.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 on page 2 of the Amended Complaint, and therefore denies these allegations.

---

[1] Each numbered paragraph in this Answer corresponds with and responds to the paragraph in the Amended Complaint bearing the same number, except for the two distinct paragraphs on pages 2 and 16 of the Amended Complaint that are both numbered "4."  For clarity, this Answer references the relevant page numbers in the Amended Complaint for those two paragraphs to specify the allegations to which the Answer's responses relate.

5.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

6.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

7.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the Amended Complaint sometimes refers to the Plaintiffs named in footnote 1 collectively as the "Lelchooks."

8.      LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

9.      LCB denies the allegations in this paragraph, except to admit that LCB previously was a privately-owned bank organized under the laws of, and headquartered in, Lebanon, and further to aver that LCB is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

10.     LCB denies the allegations in this paragraph.

11.     LCB denies the allegations in this paragraph, except to admit that, at certain times prior to July 2006, Hamdoun (i) served as Deputy General Manager of LCB; (ii) was a member of LCB's board of directors; and (iii) held an ownership stake in LCB; and that Hamdoun currently serves as one of two liquidators managing LCB's liquidation proceedings.

12.     The allegations in this paragraph state legal conclusions, to which no response is required.

13.     The allegations in this paragraph contain legal analysis of the decision issued in *Kaplan v. Lebanese Canadian Bank, SAL* on June 9, 2021 by the U.S. Court of Appeals for the

Second Circuit, to which no response is required.  To the extent a response is required, LCB admits that the above-referenced decision by the Court of Appeals vacated the dismissal of the *Kaplan* plaintiffs' JASTA aiding-and-abetting claims against LCB and remanded for further proceedings on those claims, and otherwise denies the allegations in this paragraph.

14.    The allegations in this paragraph state legal conclusions, to which no response is required.  To the extent a response is required, LCB denies the allegations in this paragraph.

15.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

16.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

17.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

18.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

19.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

20.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

21.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

22.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

23.     LCB denies the allegations in this paragraph insofar as they relate to Defendants, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

24.     LCB denies the allegations in this paragraph insofar as they relate to Defendants, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

25.     LCB denies the allegations in this paragraph insofar as they relate to Defendants, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

26.     LCB denies the allegations in this paragraph insofar as they relate to Defendants, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them.

27.     LCB denies the allegations in this paragraph insofar as they relate to Defendants, and otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them, except to admit, on information and belief, that Hezbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

28.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that (i) the first quotation in this paragraph appears in the Congressional Research Service report cited in footnote 2; and (ii) the second quotation in this paragraph appears in the post on the Washington Institute for Near East Policy's website cited in footnote 3; and without admitting the truth of either quotation or any portion thereof.

29.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that "martyr" is an accurate translation for the Arabic word often transliterated as "Shahid" or "Shaheed."

30.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the quotations in this paragraph appear in the report cited in footnotes 5 and 6, and without admitting the truth of these quotations or any portion thereof.

31.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release cited in footnote 7, and without admitting the truth of the quotation or any portion thereof.

32.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release cited in footnote 8, and without admitting the truth of the quotation or any portion thereof.

33.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit, on information and belief, that Hezbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

34.     The allegations in the first sentence of this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in the first sentence of this paragraph

are deemed to require a response, and with respect to the allegations in the second sentence of this paragraph, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

35.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

36.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

37.    The allegations in this paragraph call for speculation such that no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

38.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

39.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

40.    LCB denies the allegations in this paragraph and states that LCB previously was a bank organized under the laws of, and headquartered in, Lebanon, and that LCB is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

41.    LCB denies the allegations in this paragraph and states that LCB previously was a bank organized under the laws of, and headquartered in, Lebanon, and that LCB is currently in liquidation after having relinquished its banking license and no longer operates as a bank.

42.    LCB denies the allegations in this paragraph.

43.     LCB denies the allegations in this paragraph, except to admit that, during periods of time when LCB operated as a bank, Amex Bank served as a correspondent bank for LCB in New York.

44.     LCB denies the allegations in this paragraph, except to admit that, during periods of time when LCB operated as a bank, Amex Bank served as a correspondent bank for LCB in New York.

45.     LCB denies the allegations in this paragraph.

46.     LCB denies the allegations in this paragraph.

47.     LCB denies the allegations in this paragraph.

48.     The allegations in this paragraph contain legal argument, to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

49.     LCB denies the allegations in this paragraph.

50.     LCB denies the allegations in this paragraph.

51.     LCB denies the allegations in this paragraph.

52.     LCB denies the allegations in this paragraph.

53.     LCB denies the allegations in this paragraph.

54.     LCB denies the allegations in this paragraph.

55.     LCB denies the allegations in this paragraph.

56.     LCB denies the allegations in this paragraph.

57.     LCB denies the allegations in this paragraph, except to admit that, at certain times prior to July 2006, Hamdoun (i) served as Deputy General Manager of LCB; (ii) was a member of

LCB's board of directors; and (iii) held an ownership stake in LCB; and that Hamdoun currently serves as one of two liquidators managing LCB's liquidation proceedings.

58.     The allegations in this paragraph contain legal argument, to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

59.     LCB denies the allegations in this paragraph.

60.     LCB denies the allegations in this paragraph.

61.     LCB denies the allegations in this paragraph, except to admit that at times prior to July 2006, Ahmad Safa held the position of Assistant General Manager for Branches and Operations at LCB, and that at times prior to July 2006, Ahmad Safa assumed the duties and responsibilities of LCB's Head of Operations Department and Head of Branches Unit.

62.     LCB denies the allegations in this paragraph.

63.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

64.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

65.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

66.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

67.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

68.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

69.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

4.     The allegations in paragraph 4 on page 16 of the Amended Complaint contain legal analysis and argument, to which no response is required.  To the extent a response is deemed to be required, LCB denies the allegation asserting that Plaintiff Ester Lelchook is entitled to an individual-damages award in this action.  Regarding the remaining allegations in this paragraph, LCB lacks sufficient knowledge or information to form a belief about these allegations and therefore denies them, except to admit that the U.S. District Court for the District of Columbia awarded a total of $20,535,665 in the cited action *Lelchook v. Syrian Arab Republic*, No. 1:16-cv-1550-RC according to the apportionment described in this paragraph.

70.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

71.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

72.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

73.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chaim Kaplan and Rivka Kaplan received damages awards of $3 million and $2.5 million, respectively, in the cited District of Columbia action, *Kaplan v. Central Bank*, Civ. No. 10-00483 (RCL).

74.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Brian Erdstein, Karene Erdstein, and Ma'ayan Erdstein received damages awards of $2.5 million, $3.5 million, and $1.5 million, respectively, in the cited District of Columbia action.

75.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chayim Kumer and Nechama Kumer received damages awards of $2 million and $1.5 million, respectively, in the cited District of Columbia action.

76.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Laurie Rappeport and Margalit Rappeport received damages awards of $2.35 million and $1.5 million, respectively, in the cited District of Columbia action.

77.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Theodore Greenberg and Moreen Greenberg each received damages awards of $2.5 million in the cited District of Columbia action.

78.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Jared Sauter received a damages award of $1.5 million in the cited District of Columbia action.

79.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Dvora Kaszemacher received a damages award of $2,361,966.67 in the cited District of Columbia action.

80.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Chaya Alkareif received a damages award of $2.25 million in the cited District of Columbia action.

81.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Avishai Reuvane and Elisheva Aron each received damages awards of $1.5 million in the cited District of Columbia action.

82.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Yair Mor received a damages award of $850,000 in the cited District of Columbia action.

83.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Mikimi Steinberg received a damages award of $850,000 in the cited District of Columbia action.

84.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

85.     LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

86.     LCB denies the allegations in this paragraph.

87.     LCB denies the allegations in this paragraph.

88.     LCB denies the allegations in this paragraph.

89.     LCB denies the allegations in this paragraph.

90.     LCB denies the allegations in this paragraph.

91.     LCB denies the allegations in this paragraph.

92.     LCB denies the allegations in this paragraph.

93.     LCB denies the allegations in this paragraph.

94.     LCB denies the allegations in this paragraph.

95.     LCB denies the allegations in this paragraph.

96.     LCB denies the allegations in this paragraph, except to admit, on information and belief, that Hezbollah was designated as a Specially Designated Terrorist in 1995, as a Foreign Terrorist Organization in 1997, and as a Specially Designated Global Terrorist in 2001.

97.     LCB denies the allegations in this paragraph, except to admit that, during the period between 2004 and July 12, 2006, Defendants were generally aware of rules promulgated by the Financial Action Task Force ("FATF") and by the Middle East and North Africa Financial Action Task Force ("MENAFATF").

98.     LCB denies the allegations in this paragraph, and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

99.     LCB denies the allegations in this paragraph insofar as they relate to Defendants; lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies them; and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

100.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

101.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that:

i.  The quotation in subsection (h) of this paragraph appears in the cited Federal Research Division linked in subsection (h);

ii.  The quotation in subsection (i) of this paragraph appears in the cited Slate Magazine article;

iii.  The quotation in subsection (k) of this paragraph appears in the cited post on the Washington Institute for Near East Policy's website;

iv.  The quotation in subsection (m) of this paragraph appears in the linked Infantry Magazine article;

v.  The quotation in subsection (n) of this paragraph appears in Dr. Levitt's cited testimony before Congress;

vi.  The quotation in subsection (o) of this paragraph appears in Paragraph 48 of the cited complaint filed in *Ayyash v. Bank Al-Madina*, Civ. No. 04-9201 (S.D.N.Y.); and

vii.  The quotation in subsection (p) of this paragraph appears in footnote 1 of the *Ayyash* court's cited opinion and order;

and without admitting the truth of these quotations or any portion thereof.

102.  LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

103.  LCB denies the allegations in this paragraph insofar as they relate to Defendants, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore denies those allegations, except to admit that the quotation in this paragraph appears in the U.S. Treasury Department press release linked in footnote 11, and without admitting the truth of the quotation or any portion thereof.  LCB also

14

states, on information and belief, that neither Husayn al-Shami nor Bay al-Mal was listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

104.    LCB denies the allegations in this paragraph, and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

105.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

106.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

107.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

108.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations and states, on information and belief, that Shahid, Bayt al-Mal, and

Yousser were not listed on any OFAC list of designated terrorist organizations at the time of the alleged rocket attacks or prior thereto.

109.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

110.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

111.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

112.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Hezbollah is a political organization in Lebanon.

113.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations, except to admit that Hezbollah is a political organization in Lebanon that has held seats in the Lebanese parliament, has been part of the Lebanese central government, and has held seats in various municipal governments in Lebanon.

114.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies these allegations.

115.    LCB denies the allegations in this paragraph.

116.    LCB denies the allegations in this paragraph.

117.    LCB denies the allegations in this paragraph.

118.    LCB denies the allegations in this paragraph.

119.    LCB denies the allegations in this paragraph and states that the U.S. government later withdrew the Notice of Finding issued by FinCEN cited in subsection (c) of this paragraph.

120.    LCB denies the allegations in this paragraph, except to admit that on February 17, 2011, the United States Treasury published a Notice of Finding at 76 Fed. Reg. 9403 relating to LCB, to which LCB respectfully refers the Court for a further recitation of its contents; and that in December 2011, the United States brought a forfeiture action against LCB.  LCB further avers that the forfeiture action was resolved without any admission or finding of wrongdoing by Defendants.

121.    LCB hereby incorporates its responses to the previous allegations as if fully set forth herein.

122.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

123.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

124.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

125.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB

lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

126.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

127.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

128.    LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them, except to admit that, on information and belief, Hezbollah was designated as a Foreign Terrorist Organization on October 8, 1997.

129.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

130.    The allegations in the first sentence of this paragraph state legal conclusions to which no response is required.  To the extent the allegations in the first sentence of this paragraph are deemed to require a response, and with respect to the allegations in the remainder of this paragraph, LCB denies these allegations.

131.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response, LCB denies these allegations.

132.   The allegations in this paragraph are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB hereby incorporates its responses to the previous allegations as if fully set forth herein.

133.   The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

134.   The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

135.   The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

136.   The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks

knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

137.    The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

138.    The allegations in this paragraph are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

139.    The allegations in this paragraph are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them, except to admit that, on information and belief, Hezbollah was designated as a Foreign Terrorist Organization on October 8, 1997.

140.    The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and therefore denies them.

141.     The allegations in this paragraph are not directed against LCB, and therefore LCB need not respond to them.  Further, the allegations in the first sentence of this paragraph state legal conclusions to which no response is required.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB denies these allegations.

142.     The allegations in this paragraph contain legal conclusions to which no response is required, and are not directed against LCB, and therefore LCB need not respond to them.  To the extent the allegations in this paragraph are deemed to require a response from LCB, LCB denies these allegations.

## DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs have failed to allege facts sufficient to establish (1) that LCB had the knowledge or intent required under a JASTA aiding-and-abetting claim; or (2) that LCB's actions constituted substantial assistance as required to state a JASTA aiding-and-abetting claim.

2.     LCB did not enable, facilitate, support, or assist in the attacks that harmed Plaintiffs. Rather, individuals and/or entities who are not parties to this action enabled, facilitated, supported, and/or assisted in the attacks that harmed Plaintiffs.

3.     There is no causal connection between any of LCB's actions and Plaintiffs' asserted injuries.

4.     None of the harm or damages suffered by any Plaintiff was the result of an act or omission by any agent, servant, or employee of LCB.

5.     Based on the doctrines of several liability and/or combined or comparative fault, LCB is not liable for Plaintiffs' damages.

In response to Plaintiffs' claims, LCB intends to invoke all other defenses, including affirmative defenses, that become apparent in the future (including through discovery), and reserves the right, in accordance with applicable federal rules, to assert such defenses at a later point in time.[2]

## **PRAYER FOR RELIEF**

Based upon the foregoing, LCB requests that the Court enter judgment on the Amended Complaint in LCB's favor and against Plaintiffs as follows:

1. Dismissing Plaintiffs' claim against LCB with prejudice;

2. Awarding LCB its costs of defending this action; and

3. Awarding such other and further relief as the Court may deem proper.

Respectfully submitted.

July 11, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Gassan A. Baloul*
Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendants Lebanese Canadian Bank SAL and Mohamad Hamdoun*

---

[2] LCB reserves all rights with respect to Plaintiffs' JASTA aiding-and-abetting claim against LCB, including with respect to future appeals. The U.S. Court of Appeals for the Second Circuit vacated the *Kaplan* court's dismissal of a materially identical claim against LCB, *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 867, but a later decision issued by the Court of Appeals in *Honickman v. BLOM Bank SAL*, 6 F.4th 487 (2d Cir. 2021) clarified JASTA's requirement that the act that injured the plaintiff must be a foreseeable consequence of the defendant's alleged conduct.  Here, neither the Second Lebanon War, nor the rocket attacks carried out in the context of that war, reasonably could be foreseen from the provision of banking services alleged in the Amended Complaint.