### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

ESTER LELCHOOK, *et al.*,

                        Plaintiffs,

                                      Case No. 18-cv-12401 (GBD) (KHP)

-against-

LEBANESE CANADIAN BANK SAL, *et al.*,

                        Defendants.

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MOHAMED HAMDOUN'S MOTION TO DISMISS AND <u>DEFENDANT LEBANESE CANADIAN BANK'S PARTIAL MOTION TO DISMISS</u>

November 7, 2022

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

**SQUIRE PATTON BOGGS (US) LLP**

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Counsel for Defendants Lebanese Canadian Bank SAL and Mohamed Hamdoun*

**TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.    PLAINTIFFS' CLAIM AGAINST MR. HAMDOUN MUST BE
        DISMISSED FOR LACK OF PERSONAL JURISDICTION. ............................ 2

    II.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MR. HAMDOUN
        BECAUSE PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THAT
        MR. HAMDOUN KNEW OF OR PARTICIPATED IN LCB'S ALLEGED
        WRONGFUL CONDUCT .......................................................................................... 7

    III.  ESTER LELCHOOK'S CLAIMS AGAINST LCB AND MR. HAMDOUN
        MUST BE DISMISSED BECAUSE THE ATA DOES NOT PROVIDE
        NON-US NATIONALS WITH A CAUSE OF ACTION FOR THEIR OWN
        INJURIES. ................................................................................................................. 10

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aero AG Holdings, LLC v. Huggoes Fashion LLC*,
2022 U.S. Dist. LEXIS 119089 (S.D.N.Y. July 5, 2022) .........................................4

*Agbara v. Okoji*,
Civil Action No. 19-cv-2945 (TSC), 2021 U.S. Dist. LEXIS 203712 (D.D.C.
Oct. 22, 2021) ....................................................................................................7

*Boss Prods. Corp. v. Tapco Int'l Corp.*,
2001 U.S. Dist. LEXIS 1509 (W.D.N.Y. Feb. 14, 2001) .........................................4

*CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*,
No. 1:05-CV-1343-RWS, 2006 U.S. Dist. LEXIS 15015 (N.D. Ga. Mar. 31,
2006) .................................................................................................................7

*Flory v. United States*,
79 F.3d 24 (5th Cir. 1996) ..................................................................................7

*FTC v. Freecom Communs., Inc.*,
401 F.3d 1192 (10th Cir. 2005) ...........................................................................9

*Gill v. Arab Bank, PLC*,
893 F. Supp. 2d 542 (E.D.N.Y. 2012) ...................................................................8

*Gilmore v. Shearson/American Express, Inc.*,
811 F.2d 108 (2d Cir. 1987)................................................................................6

*Giuliano v. Barch*,
No. 16 CV 0859 (NSR), 2017 U.S. Dist. LEXIS 50396 (S.D.N.Y. Mar. 31,
2017) .............................................................................................................2, 3

*Hamilton v. Atlas Turner, Inc.*,
197 F.3d 58 (2d Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000)...........................5

*Kaplan v. Lebanese Canadian Bank, SAL*,
999 F.3d 842 (2d Cir. 2021)..............................................................................10

*King County v. IKB Deutsche Industriebank AG*,
769 F. Supp. 2d 309 (S.D.N.Y. 2011)...................................................................3

*Lelchook v. Islamic Rep. of Iran*,
2022 U.S. Dist. LEXIS 187616 (E.D.N.Y. Oct. 13, 2022)...................................10

*Licci v. Lebanese Canadian Bank,*
   732 F.3d 161 (2d Cir. 2013)...............................................................................3

*Mattel, Inc. v. Barbie-Club.com,*
   310 F.3d 293 (2d Cir. 2002)...............................................................................4

*Estate of Parsons v. Palestinian Auth.,*
   651 F.3d 118 (D.C. Cir. 2011) ........................................................................8, 9

*Phat Fashions, LLC v. Phat Game Ath. Apparel, Inc.,*
   2001 U.S. Dist. LEXIS 13892 (S.D.N.Y. Sept. 6, 2001)......................................5

*Pramer S.C.A. v. Abaplus Int'l Corp.,*
   907 N.Y.S.2d 154 (N.Y. App. Div. 2010) ..............................................................2

*Rosenberg v. Lashkar-e-Taiba,*
   No. 10 CV 5381 (DLI) (CLP), 2016 U.S. Dist. LEXIS 87724 (E.D.N.Y. July
   5, 2016) .............................................................................................................10

*Staub v. Proctor Hosp.,*
   562 U.S. 411 (2011) ............................................................................................8

*Steve Madden, Ltd. V. Jasmin Larian, LLC,*
   2019 U.S. Dist. LEXIS 10423 (S.D.N.Y. Jan 22, 2019)......................................11

*Tripathy v. McClowski,*
   No. 21-3094, 2022 U.S. App. LEXIS 15877 (2d Cir. June 9, 2022).....................6

*White-Ruiz v. City of N.Y.,*
   93 Civ. 7233 (DLC)(MHD), 1996 U.S. Dist. LEXIS 19346 (S.D.N.Y. Dec.
   30, 1996) .............................................................................................................7

*Zu Fei Huang v. Kim Dang Nguyen,*
   Case No. 19-cv-03309, 2020 U.S. Dist. LEXIS 24658 (E.D.N.Y. Feb. 11,
   2020) ...................................................................................................................4

**Statutes**

15 U.S.C. § 1125(a) ....................................................................................................8

18 U.S.C. § 2333........................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................................... *passim*

## PRELIMINARY STATEMENT

Plaintiffs' opposition brief offers no support for exercising personal jurisdiction over Defendant Mohamed Hamdoun ("Mr. Hamdoun")[1] or a finding that the Amended Complaint states a valid claim against him.  Instead, Plaintiffs assert that Mr. Hamdoun has waived personal jurisdiction, despite Mr. Hamdoun asserting a jurisdictional defense in his motion to dismiss the Amended Complaint.  This Court should not find waiver because Plaintiffs initially waived their right to amend their Complaint against Mr. Hamdoun; Mr. Hamdoun later consented to Plaintiffs' filing of their Amended Complaint; Plaintiffs' Amended Complaint does not specifically allege personal jurisdiction; and Mr. Hamdoun timely asserted a jurisdictional defense in his motion to dismiss the Amended Complaint.  Mr. Hamdoun has not unreasonably delayed in asserting lack of personal jurisdiction; Mr. Hamdoun has not engaged in discovery; and Plaintiffs cannot demonstrate any prejudice.  Absent waiver, Plaintiffs have not plausibly alleged that Mr. Hamdoun is subject to personal jurisdiction, and their cause of action against him must be dismissed.

Plaintiffs' 12(b)(6) arguments are similarly lacking.  Implicitly recognizing this, Plaintiffs seek to impute to Mr. Hamdoun prior rulings made with respect to LCB, despite New York and federal law's prohibitions against doing so.  Plaintiffs otherwise do little more than recite the Amended Complaint's allegations against Mr. Hamdoun, which are rife with fact-free legal conclusions disguised as statements of fact—which are themselves inconsistent with, and rendered implausible by, the Forfeiture Complaint incorporated into the Amended Complaint, in which the Government asserted no wrongdoing by Mr. Hamdoun, and after which the Government confirmed it had no claim against Mr. Hamdoun.  *See* Opening Brief at 16-18.  Further, courts have repeatedly rejected as insufficient similar allegations against executives of foreign banks and

---

[1] Defined terms not otherwise defined herein share the same meanings assigned to them in Defendants' opening brief ("Opening Brief") (ECF No. 78).

institutions, recognizing that a corporation's jurisdictional contacts, or its alleged wrongdoing, cannot be attributed to a corporate officer merely by virtue of his or her position in the organizational hierarchy.  Instead, a plaintiff must offer particularized, factual allegations regarding the officer's own conduct—which Plaintiffs fail to do here.  Accordingly, this Court should dismiss the aiding-and-abetting claim against Mr. Hamdoun for lack of personal jurisdiction and alternatively for failure to state a claim.

Additionally, pursuant to the plain meaning of the Antiterrorism Act, Plaintiff Ester Lelchook, a non-U.S. national, may not bring a claim for her own injuries under the ATA—rather, she has standing only to bring ATA claims on behalf of her deceased husband, who is a U.S. national.  This Court should dismiss Ms. Lelchook's individual claims with prejudice.

## ARGUMENT

### I.   PLAINTIFFS' CLAIM AGAINST MR. HAMDOUN MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

Recognizing that the Amended Complaint provides no basis for exercising personal jurisdiction over Mr. Hamdoun, Plaintiffs instead devote much of their opposition to arguing that findings as to LCB should be imputed to Mr. Hamdoun, or that Mr. Hamdoun has waived his personal-jurisdiction defense altogether.  Plaintiffs have not met their burden of establishing a *prima facie* case for asserting personal jurisdiction over Mr. Hamdoun, requiring dismissal of Plaintiffs' claim against him.

The Second Circuit's determination that allegations similar to those here provide for jurisdiction as to LCB does not create jurisdiction over Mr. Hamdoun.  "[C]laims against a corporate defendant, if jurisdictionally viable, do not provide a basis for personal jurisdiction over a corporate official or employee." *Pramer S.C.A. v. Abaplus Int'l Corp.*, 907 N.Y.S.2d 154, 156, 158-59 (N.Y. App. Div. 2010) (affirming dismissal of claim against foreign corporate official

2

where "there [were] no allegations that [the official] personally conducted any transaction in New York") (citation omitted).   "[J]urisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself, and jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Giuliano v. Barch*, No. 16 CV 0859 (NSR), 2017 U.S. Dist. LEXIS 50396, at *17 (S.D.N.Y. Mar. 31, 2017) (internal quotation marks and citations omitted, emphasis added).

In assessing the case for jurisdiction over LCB, the Second Circuit relied upon allegations that LCB had processed multiple wire-transfers through its New York-based correspondent bank. *Licci v. Lebanese Canadian Bank,* 732 F.3d 161, 168-71 (2d Cir. 2013) (analyzing allegations against LCB materially identical to those against LCB in this action).   But Plaintiffs have not made any factual allegations connecting Mr. Hamdoun either to LCB's alleged wire transfers or to New York in general.   The Amended Complaint asserts only, in conclusory fashion, that Mr. Hamdoun "authorized" the wire transfers and that the transfers were "carried out . . . pursuant to the direction and authorization of Hamdoun."   Am. Compl. ¶¶ 60, 62.   New York courts have consistently rejected such conclusory, fact-free allegations, even in the Rule 12 context.   *See, e.g.*, *Giuliano*, 2017 U.S. Dist. LEXIS 50396, at *1, *21-22 (rejecting fraud claims against corporate directors and officers for lack of jurisdiction where plaintiff "fail[ed] to allege even a single fact in support of any defendant's involvement in the transaction [with New York], save for a bare allegation that they held board positions").   And Plaintiffs' conclusory allegations cannot be considered plausible because they are undermined by the Government's concession, following the Forfeiture Complaint incorporated by reference in Plaintiffs' Complaint, that it had no claim against Mr. Hamdoun.   *See* Opening Brief at 16-18.

Plaintiffs allege that Mr. Hamdoun served as LCB's Deputy General Manager, held a minority ownership stake in LCB, and held positions on LCB's Executive Board and AML committee.  Am. Compl. ¶ 11.  But such allegations are insufficient to impute LCB's New York contacts to Mr. Hamdoun, as Plaintiffs have not established that he "exercised control over [LCB's] activities <u>in New York</u>."  *King County v. IKB Deutsche Industriebank AG*, 769 F. Supp. 2d 309, 320-21 (S.D.N.Y. 2011) (dismissing claims against foreign bank executives for lack of jurisdiction) (emphasis added); *see also Aero AG Holdings, LLC v. Huggoes Fashion LLC*, 2022 U.S. Dist. LEXIS 119089, at *25-31 (S.D.N.Y. July 5, 2022) (rejecting jurisdictional allegations against corporation's president and noting that even though the president "had <u>some</u> control over Huggoes' operations," the plaintiff had "fail[ed] to connect [him] with any act that Huggoes . . . purposefully directed <u>at New York</u>") (citation omitted, emphasis added).

Faced with their failure to sufficiently allege personal jurisdiction against Mr. Hamdoun, Plaintiffs instead rely exclusively on the argument, based largely on out-of-district decisions, that Fed. R. Civ. P. 12(h)(1) prohibits Mr. Hamdoun from <u>asserting</u> a personal-jurisdiction defense. But the Second Circuit has repeatedly confirmed that "in determining whether waiver or forfeiture of objections to personal jurisdiction has occurred, 'we consider all of the relevant circumstances.'"  *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002) (quoting *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999), *cert. denied*, 530 U.S. 1244 (2000)). Indeed, courts in this circuit have found that a personal-jurisdiction defense was not waived even where the defendant had not complied with the technical requirements of Rule 12(h), where, as here, there was no unreasonable delay, the party asserting the defense had not engaged in significant discovery or other litigation on the merits, and the plaintiff could not demonstrate prejudice or unfairness.  *See, e.g.*, *Zu Fei Huang v. Kim Dang Nguyen*, Case No. 19-cv-03309,

2020 U.S. Dist. LEXIS 24658, at *5 n.6 (E.D.N.Y. Feb. 11, 2020) (Bloom, M.J.) (recommending dismissal for lack of personal jurisdiction and finding no waiver, despite defendant's failure to raise defense in answer) (citing cases), *adopted in full by minute order*, Mar. 10, 2020; *Boss Prods. Corp. v. Tapco Int'l Corp.*, 2001 U.S. Dist. LEXIS 1509, at *4 (W.D.N.Y. Feb. 14, 2001) ("Although technical compliance with [Rule] 12(h)(1) would indicate that defendant waived the jurisdictional defense of lack of personal jurisdiction by not expressly asserting the same, . . . this Court cannot rule that defendant has waived its right to a defense of lack of personal jurisdiction by failing to assert such in its Answer."); *Phat Fashions, LLC v. Phat Game Ath. Apparel, Inc*., 2001 U.S. Dist. LEXIS 13892, at *8-9 (S.D.N.Y. Sept. 6, 2001) (same); *see also Hamilton*, 197 F.3d at 60 (finding that where a "jurisdictional defense challenges the application of New York's long-arm statute, we approach the waiver issue with [] enhanced caution").

Here, Plaintiffs knowingly waived their right to amend their original Complaint as of right under Rule 15(a), after acknowledging that they could do so within the 21-day time-period, *see* Exhibits 1 and 2 to the Declaration of Gassan Baloul filed herewith, and instead requested an extended briefing schedule for Defendants' motion to dismiss the original Complaint, to which Defendants agreed.  *See* ECF Nos. 42, 47.  Only later, after another defendant, Ahmad Safa, moved to dismiss on, *inter alia*, jurisdictional grounds, Plaintiffs sought Defendants' consent to amend their Complaint as to <u>all</u> defendants.  The parties (including Mr. Safa) then entered a stipulation providing for amendment of the Complaint and a briefing schedule on motions to dismiss, *see* ECF Nos. 58-59, pursuant to which Plaintiffs then filed their Amended Complaint.  Notably, neither Plaintiffs' original Complaint <u>nor</u> their Amended Complaint includes any allegation that Mr. Hamdoun is subject to personal jurisdiction, or on what basis.  Nonetheless, Mr. Safa's motion— and Mr. Hamdoun's agreement to let Plaintiffs amend their Complaint as to him—put jurisdictional

arguments back in play as to all Defendants.  Given these circumstances, Plaintiffs cannot claim any delay or prejudice from Mr. Hamdoun's assertion of the lack of jurisdiction defense as to an Amended Complaint that Plaintiffs previously had waived as to Mr. Hamdoun.  Plaintiffs then apparently sought to elide the jurisdictional question by dropping Mr. Safa as a defendant in the Amended Complaint—even though the Government's dismissal of the Forfeiture Complaint reserved a claim against Mr. Safa, but not against Mr. Hamdoun.  *See* Opening Brief at 17-18.

*Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108 (2d Cir. 1987), is not to the contrary, and did not, as Plaintiffs argue, mandate hyper-technical compliance with Rule 12(h) to avoid waiver.  The *Gilmore* decision involved the question of whether a defendant had waived its right to compel arbitration, and the defendant in *Gilmore* had initially provided, and only later attempted to revoke, an "<u>explicit</u> waiver of arbitration by withdrawing its motion to compel". *Gilmore*, 811 F.2d at 112 (emphasis added) (noting that defendant's counsel "conceded" that withdrawal of first motion to compel constituted waiver).  The *Gilmore* court took care to note that "mere failure to move within a specified time . . . without more <u>would not</u> ordinarily result in waiver" absent a showing of prejudice to plaintiff, but held that the defendant's "<u>express</u> waiver" eliminated the need for such a showing.  *Id.* (emphasis added, citation omitted); *see id.* at 113 (noting defendant's "change in position [was] not merely the product of honest error, but [] a tactic in a war of attrition designed to make the litigation too expensive for plaintiff, an elderly clergyman, to continue.").

Unlike the defendants in *Gilmore*, Mr. Hamdoun is not "freely tak[ing] inconsistent positions in [this] law suit" and "play[ing] 'fast and loose' with the courts."  811 F.2d at 113 (internal quotation omitted).  To the contrary, Mr. Hamdoun specifically communicated his intent to assert a personal-jurisdiction defense early in this litigation, *see* ECF No. 32, ¶ 3, and then timely asserted that personal-jurisdiction defense in his motion to dismiss the Amended Complaint, the

filing of which Mr. Hamdoun stipulated to after Plaintiffs initially declined to amend pursuant to Rule 15.  Plaintiffs' unwavering focus on Mr. Hamdoun's motion to dismiss the <u>original</u> Complaint ignores the fact that, in the absence of special circumstances like those in *Gilmore*, an "amended complaint ordinarily <u>supersedes the original</u> and <u>renders it of no legal effect</u>."  *E.g. Tripathy v. McClowski*, No. 21-3094, 2022 U.S. App. LEXIS 15877, at *5 (2d Cir. June 9, 2022) (cleaned up, citations omitted, and emphasis added).[2]

Mr. Hamdoun has not participated in discovery or otherwise meaningfully engaged in this litigation (beyond filing this motion for dismissal), and his assertion of a personal-jurisdiction defense in response to the Amended Complaint caused no unreasonable delay, no unfairness to Plaintiffs, and no waste of judicial resources.[3]  Plaintiffs amended their original Complaint shortly after Mr. Hamdoun filed his initial motion to dismiss, and pre-trial proceedings in this litigation have been minimal.  This Court should dismiss the Amended Complaint's claim against Mr. Hamdoun for lack of personal jurisdiction.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST MR. HAMDOUN BECAUSE PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THAT MR. HAMDOUN KNEW OF OR PARTICIPATED IN LCB'S ALLEGED WRONGFUL CONDUCT.

As with personal jurisdiction, Plaintiffs seek to evade their burden of providing specific allegations of Mr. Hamdoun's own knowledge of, or participation in, the banking services that <u>LCB</u>

---

[2] Plaintiffs' opposition brief cites various cases with circumstances not analogous to those here, as they do not involve the amendment of a complaint that nullified earlier proceedings.  *See White-Ruiz v. City of N.Y.*, 93 Civ. 7233 (DLC)(MHD), 1996 U.S. Dist. LEXIS 19346 (S.D.N.Y. Dec. 30, 1996); *Flory v. United States*, 79 F.3d 24 (5th Cir. 1996); *Agbara v. Okoji*, Civil Action No. 19-cv-2945 (TSC), 2021 U.S. Dist. LEXIS 203712 (D.D.C. Oct. 22, 2021); *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*, No. 1:05-CV-1343-RWS, 2006 U.S. Dist. LEXIS 15015 (N.D. Ga. Mar. 31, 2006) (relevant motion filed <u>before</u> filing of amended complaint).

[3] Rule 12's consolidation requirement was introduced to "work[] against <u>piecemeal</u> consideration of a case."  Fed. R. Civ. P. 12 Advisory Notes to 1966 Amendment (emphasis added).  *See also Flory*, 79 F.3d at 25 (noting that the purpose of the Rule is to "encourage the consolidation of motions and discourage the dilatory device of making them in a series") (citation omitted).  Plaintiffs have not argued, and could not show, that Mr. Hamdoun's assertion of his personal-jurisdiction defense in moving to dismiss the Amended Complaint has caused prejudice or detracted from a speedy and efficient resolution of this litigation.

is alleged to have provided in the Amended Complaint.  Instead, Plaintiffs hope to transfer the Second Circuit's rulings regarding LCB to Mr. Hamdoun merely by virtue of his position within LCB's corporate hierarchy.  Courts have repeatedly and consistently rejected such efforts.  Further, the Amended Complaint's citation to a generic Notice of Finding by FinCEN (which was later withdrawn) cannot resurrect Plaintiffs' unviable claim against Mr. Hamdoun, particularly in light of the Government's subsequent, express statement that it had no claim against Mr. Hamdoun—unlike the Government's reservation of a claim against Mr. Safa.  *See* Opening Brief at 16-18.

In response to the numerous cases cited in the Opening Brief, in which New York courts have dismissed allegations against corporate officers that mirror those presented here, Plaintiffs suggest that federal law offers a more lenient standard for bringing tort claims against corporate officers, under which an officer's "authority to control" the corporation is enough to hold the officer liable for the corporation's wrongdoing—and cite in support a single case involving a deceptive trade-practices action by the Federal Trade Commission.  But the ATA, and federal law in general, offer no such standard.[4]

In enacting the ATA, Congress incorporated general principles of American tort law into a federal cause of action without modifying or expanding traditional elements of tort liability.  *See Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 542, 558 (E.D.N.Y. 2012); *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011) (analyzing scienter requirement under federal unlawful-termination claim and noting that "we start from the premise that when Congress creates a federal tort it adopts the

---

[4] Plaintiffs inaccurately assert that "the cases cited by Hamdoun [in his memorandum-in-chief] . . . applied New York state law, not federal law," but the *Steven Madden* case involved a "trade dress infringement action under the Lanham Act," a federal statute that created a civil cause of action.  2019 U.S. Dist. LEXIS 10423, at *6, *8-12 (S.D.N.Y. Jan. 22, 2019); 15 U.S.C. § 1125(a).  The *Steven Madden* court articulated a standard for corporate-officer liability that is virtually identical to that found in New York law, under which a plaintiff must plausibly allege that the officer is "a direct participant in the infringing activity."  2019 U.S. Dist. LEXIS 10423, at *8 (emphasis added, citations omitted).  As explained herein, Plaintiffs draw a distinction without a difference; the Amended Complaint fails to plausibly state a claim against Mr. Hamdoun regardless of whether New York or federal law applies.

background of general tort law.") (citing cases); *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 148 (D.C. Cir. 2011) (Brown, J., concurring) (determining whether vicarious-liability claims are available under the ATA and explaining that "the Supreme Court has looked to common law doctrines to determine the scope of liability under federal tort laws.") (citation omitted).  Plaintiffs' suggestion that federal law leads to a different outcome is meritless.

Moreover, the Amended Complaint's allegations against Mr. Hamdoun do not withstand scrutiny even if examined according to the broader framework cited by Plaintiffs in *Medical Billers*.[5]  In an analogous deceptive trade-practices action, *FTC v. Quincy Bioscience Holding Co.*, the court dismissed the FTC's claim against the "co-founder, former President, and current CEO" of three defendant-corporations, despite the FTC's allegation that he "ha[d] the authority to control the corporate defendants' advertising practices." 389 F. Supp. 3d 211, 221 (S.D.N.Y. 2019).  The court did so in spite of the officer's position of authority because the allegations against him were "insufficient to show that he <u>knew</u> the results of the research or participated in the false advertising."  *Id.* (emphasis added).

As in *Quincy Bioscience*, Mr. Hamdoun's senior position at LCB is insufficient to support a claim against him, absent plausible, non-conclusory allegations that he had knowledge of LCB's alleged provision of banking services at issue.  Plaintiffs' Amended Complaint offers no such allegations, and Plaintiffs cannot invoke the U.S. Government's Forfeiture Complaint to make up for the inadequacies of Plaintiffs' claim, because the Government itself confirmed that it had no claim of knowledge or wrongdoing against Mr. Hamdoun.  *See* Settlement Order, ¶ 14 & Schedule A.  As a result, Plaintiffs' claim against Mr. Hamdoun must be dismissed for failure to state a claim.

---

[5] The federal statute on which Plaintiffs rely in *Medical Billers* has been expressly and consistently interpreted as providing a <u>broader</u> cause of action than that available at common law.  *See, e.g.*, *FTC v. Freecom Communs., Inc.*, 401 F.3d 1192, 1203 n.7 (10th Cir. 2005) ("Unlike the elements of common law fraud, the FTC need not prove scienter, reliance, or injury to establish a § 5 violation.") (citations omitted).

III.  **ESTER LELCHOOK'S CLAIMS AGAINST LCB AND MR. HAMDOUN MUST BE DISMISSED BECAUSE THE ATA DOES NOT PROVIDE NON-US NATIONALS WITH A CAUSE OF ACTION FOR THEIR OWN INJURIES.**

Plaintiffs spend a significant portion of their opposition brief attempting to contort the plain meaning of the ATA, seeking to expand the class of potential ATA claims well beyond that intended by Congress.  This Court should reject Plaintiffs' misguided interpretation of the ATA's text and dismiss the claim brought by Plaintiff Ester Lelchook in her individual capacity.

The ATA allows only U.S. nationals to recover damages for physical and emotional injuries that result from an act of international terrorism.  *See* 18 U.S.C. § 2333 ("Any national of the United States <u>injured in his or her person</u>, . . . by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue <u>therefor</u>") (emphasis added).  "The most logical antecedent of 'therefor' in the statute would [] be the injury to the person . . . of the decedent, suggesting that the family members may not bring independent claims . . . ."  *Rosenberg v. Lashkar-e-Taiba*, No. 10 CV 5381 (DLI) (CLP), 2016 U.S. Dist. LEXIS 87724, at *62-64 (E.D.N.Y. July 5, 2016), *adopted in relevant part*, 2017 U.S. Dist. LEXIS 52116 (Mar. 31, 2017). *See Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 847 (2d Cir. 2021) ("[T]he ATA grants a private right of action <u>only</u> to 'national[s] of the United States'") (emphasis added).  Based on this reasoning, another court in this circuit dismissed Ester Lelchook's ATA claims for her own injuries less than a month ago.  *See Lelchook v. Islamic Rep. of Iran*, 2022 U.S. Dist. LEXIS 187616, at *4-5 (E.D.N.Y. Oct. 13, 2022).

## CONCLUSION

For the reasons set forth above, the Amended Complaint should be dismissed in its entirety with prejudice as against Mr. Hamdoun.  Furthermore, Ester Lelchook's individual claim against LCB should also be dismissed with prejudice.

Respectfully submitted.

November 7, 2022

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Gassan A. Baloul*

Mitchell R. Berger (MB-4112)
mitchell.berger@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

Gassan A. Baloul (GB-4473)
gassan.baloul@squirepb.com
Joseph S. Alonzo (JA-1378)
joseph.alonzo@squirepb.com
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: (212) 872-9800
Facsimile:  (212) 872-9815

*Attorneys for Defendants Lebanese Canadian
Bank SAL and Mohamed Hamdoun*